UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Toomer, | ) C/A No. 2:13-176-DCN-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Officer Thomas Bilancone, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

Plaintiff, Charles Toomer, files this action against Defendant, pursuant to 42 U.S.C. § 1983, seeking injunctive relief.[1]  Plaintiff is proceeding *pro se* and *in forma pauperis*, pursuant to 28 U.S.C. §§ 1915.  Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the Court.  Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of process, because it fails to state a plausible claim on which relief may be granted by this Court.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law."  *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996).  To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore

2

a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff alleges that, on October 25, 2012, Defendant, a North Charleston Police Officer, falsely arrested Plaintiff without probable cause, then deliberately placed Plaintiff's cell phone, Plaintiff's wallet containing $150 cash and Plaintiff's Visa and Mastercard credit cards, and Plaintiff's book bag which Plaintiff was carrying at the time of his arrest, into evidence, so as to prevent Plaintiff from being able to access his money and property to post bond to gain his release from jail pending trial. Plaintiff alleges that, as a result of Defendant's illegal actions, Plaintiff spent 14 days in jail before he was forced to plead guilty, rather than waiting in jail for months or possibly a year before Plaintiff's case might be placed on the trial docket.

Plaintiff alleges that he was waiting for a bus at the super bus stop on Rivers Avenue when he decided to walk across the street to the store. As Plaintiff was crossing the street, he saw that Defendant had a black male detained. Plaintiff alleges that, without stopping or saying anything, he took a cell phone photo of Defendant and the detainee as he walked by. Plaintiff alleges that, after he came out of the store, he took another photo. Plaintiff alleges that Defendant stopped him as he walked by, asked Plaintiff if he took Defendant's photo, then told Plaintiff that he was being detained. Plaintiff alleges that, when he asked Defendant what his probable cause was, Defendant made up a lie, stating that someone had said Plaintiff was going to rob them. Plaintiff alleges that Defendant then asked Plaintiff for his ID, which Plaintiff gave him, and Defendant then took Plaintiff's book bag and placed Plaintiff in the back of Defendant's police car, after arresting Plaintiff for public

intoxication (67648FZ) and interfering with police (67649FZ). Plaintiff alleges that the charges were made-up lies, that he was not intoxicated and did not interfere with the officer, and that he told Defendant on the way to jail that he had no intention of pleading guilty to such made-up charges. However, Plaintiff alleges that, after spending 14 days in jail and trying to get several bonding companies to bond him out, without success, because Defendant had deliberately violated Plaintiff's due process rights by taking his money and credit cards and putting them into evidence when they had no relevance to Plaintiff's criminal charges, Plaintiff was forced to plead guilty and accept a sentence of time-served, rather than wait additional weeks or months to go to trial to prove his innocence. *See* ECF No. 1, p. 3-6.

> As to the relief he seeks, Plaintiff alleges:
>
> I'm asking the Federal court to allow me to plea not guilty and resend my guilty plea that was made under stress, on case # 67649FZ, 67648FZ, and these two cases to be place back on to North Charleston county Municipal court docket for trial, and that I remain free on my own personal recognizance and these above cases be expunged from my record until due process be severed.

ECF No. 1, p. 7.

## DISCUSSION

To the extent that Plaintiff seeks relief for his alleged false arrest without probable cause, violation of his right to due process, and wrongful state court convictions, Plaintiff's Complaint is subject to summary dismissal because a cause of action has not yet accrued. With respect to actions filed pursuant to § 1983, such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the United States Supreme Court stated, in *Heck v. Humphrey,* 512 U.S. 477 (1994):

4

> We hold that, in order to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. Thus, the United States Supreme Court has ruled that, until a criminal conviction is set aside by way of appeal, post-conviction relief, writ of habeas corpus, or otherwise, any civil rights action based on the conviction and related matters will be barred. *See Johnson v. Freeburn*, 29 Fed. Supp.2d 764, 772 (S.D.Mich. 1998) (under *Heck*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought).

Plaintiff has failed to establish that his guilty pleas and convictions have been reversed, expunged, or declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. If Plaintiff were to succeed in this § 1983 case in showing that Defendant lacked probable cause to arrest Plaintiff and that Defendant violated Plaintiff's due process rights, then Plaintiff's guilty pleas and convictions for public intoxication and interfering with a police officer would necessarily be rendered illegal. Accordingly, the undersigned concludes that a judgment in favor of Plaintiff in this action would imply the invalidity of Plaintiff's convictions in the North Charleston Municipal Court. However, Plaintiff has not shown that he has successfully challenged his guilty pleas and

convictions. Plaintiff does not allege that he filed a direct appeal or a post-conviction relief application in the Charleston County Court of Common Pleas which has resulted in the reversal of his convictions.[2] Thus, Plaintiff's Complaint fails to show the necessary element that Plaintiff's conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus [pursuant to] 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. Consequently, Plaintiff cannot show a constitutional injury and cannot state a cognizable § 1983 claim at this time against Defendant.[3]

Additionally, to the extent that Plaintiff seeks injunctive relief in the form of an order of this Court allowing Plaintiff to withdraw his guilty pleas, returning Plaintiff's cases to the North Charleston Municipal Court docket for trial, and expunging the records of Plaintiff's

---

[2] Under S.C. Code § 18-3-10 *et seq.*, an appeal of a municipal or magistrate court criminal conviction may be taken, within ten days after sentence, to the Court of Common Pleas of the county. Such an appeal is not a *de novo* appeal. It is heard on the grounds of exceptions and the record of the municipal or magistrate court, without examination of witnesses. *See* S.C. Code § 18-3-70.

[3] To the extent that Plaintiff attempts to state a malicious prosecution claim, pursuant to § 1983 or state tort law, Plaintiff must demonstrate that the criminal proceeding against him terminated in his favor. *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005) (§ 1983 claim for malicious prosecution incorporates the common law element of favorable termination to state a cause of action). *See Lambert v. Williams*, 223 F.3d 257, 261-62 & n.2 (4th Cir. 2000); *Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist). Plaintiff alleges that he pleaded guilty and was convicted. Obviously, Plaintiff's criminal proceeding did not terminate in his favor. Therefore, Plaintiff's Complaint fails to state a plausible malicious prosecution-type claim.

6

convictions while he remains on a personal recognizance bond pending retrial, this Court cannot grant such relief. Appeals of state court decisions must be pursued through the state circuit and appellate courts and then directly to the United States Supreme Court, which is the only federal court with general statutory jurisdiction to review state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257). Since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right. *See Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997). Under provisions conferring jurisdiction on federal district courts, such as 28 U.S.C. §§ 1331, 1332, and 1334, this court's jurisdiction is original, not appellate, and no statute conferring appellate jurisdiction on federal courts of appeals provides for review of state-court decisions.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss Plaintiff's Complaint, without prejudice and without issuance and service of process. Plaintiffs' attention is directed to the important notice on the next page.

January 25, 2013                                          s/Bruce Howe Hendricks
Charleston, South Carolina                          United States Magistrate Judge
**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court

need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).